EDWARD F. GEHRINGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 19622.  Promulgated April 25, 1929.

*F. R. Shearer, Esq.*, for the respondent.

OPINION.

VAN FOSSAN : The petition in this case was ineptly drawn and does
not, in so many words, state that the deficiency proposed against
petitioner is as a transferee of the assets of the Jordan Silk Dyeing
Co. and by virtue of section 280 of the Revenue Act of 1926.  From
the whole petition, however, it would readily be understood that such
was the case.  The uncertainty of the issue raised by the petition,
if any such uncertainty existed, was entirely removed by the answer
of the respondent, wherein he expressly admitted that the respondent
has proposed to assess the deficiency of $720 against this taxpayer
" as transferee of the Jordan Silk Dyeing Company for unpaid
income and profits taxes due for 1921 from that company."

At the hearing, at which no appearance was made for petitioner,
counsel for the respondent moved to dismiss " for failure of the
petitioner properly to prosecute the case."  In support of the
motion counsel argued that " there can be no burden cast upon the
Commissioner (the burden of proof under section 602 of the Revenue
Act of 1928) on an issue which is not tendered in the petition."
Looking to the probable purpose of the motion rather than to the
form thereof and the reason assigned therein, and assuming it to be in
the nature of a demurrer, or a motion to dismiss for failure of the
petition to state a cause of action, or considering the motion simply
as a motion to dismiss for failure to prosecute, we are of the opinion
that the motion should be denied.  The pleadings, taken together,
clearly reveal the issue between the parties.  Whatever advantage
respondent might have taken of the shortcomings of the petition
passed in this case with the filing of his answer.

Assuming the burden of proof imposed by law in such cases, the
respondent proved that a deficiency in the amount of $720 was
determined against Jordan Silk Dyeing Co. for the year 1921, and
assessed on the January, 1926 list; that said company was dissolved
on petition of its stockholders and by order of court March 26,
1926, at which time the assets were distributed to the stockholders
pro rata, petitioner receiving cash in the amount of $3,618.83; that
on July 1, 1926, the Commissioner determined that petitioner was
liable in law or in equity as a transferee of the assets of the Jordan
Silk Dyeing Co. and issued the deficiency notice from which peti-
tioner appealed.

Under these facts petitioner is liable as a transferee of the assets of the Jordan Silk Dyeing Co. for the full amount of the deficiency involved herein. *Grand Rapids National Bank*, 15 B. T. A. 1166; *Robert N. Parrett*, 15 B. T. A. 1313.

*Judgment will be entered for the respondent.*